IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**NANCY BRANDT,**  1:13-cv-01637- RE

Plaintiff,  **OPINION AND ORDER**

v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

Defendant.

**REDDEN**, Judge:

Plaintiff Nancy Brandt brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed.

1 - OPINION AND ORDER

## BACKGROUND

Brandt filed her applications on January 4, 2010, alleging disability since June 30, 2008, due to fused lower back with plate and rod, spinal stenosis of C7 and T1, spinal cord malfunction causing spinal fluid build up, Barrett's esophagus, acid reflux, irritable bowel syndrome, stenosis in hips, colon polyps, alcoholism with liver and kidney damage, and seizure disorder. Tr. 202. Brandt was 49 years old on her alleged onset date. Her application was denied initially and upon reconsideration. A hearing was held on March 27, 2012. Tr. 31-67. The Administrative Law Judge ("ALJ") found her not disabled. Brandt's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Brandt had the medically determinable severe impairments of status post lumbar spine fusion, with degenerative grade 1 spondylolisthesis at L3-4; cervical degenerative disc disease with stenois; mild right cubital tunnel syndrome; status post right ulnar nerve transposition; gastritis, irritable bowel syndrome; syncope; depression; anxiety; and history of alcohol dependence, in remission. Tr. 18.

The ALJ found that Brandt's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.*

The ALJ determined that Brandt retained the residual functional capacity ("RFC") to lift and carry up to twenty pounds occasionally and ten pounds frequently. She can stand and walk up to six hours and sit up to six hours in an eight-hour workday, but she must have the opportunity to alternate positions every hour. She can reach above shoulder level with the right upper extremity and may turn her head 30 degrees to the left of center. She can climb, balance,

kneel, handle and grip on a frequent basis. She can frequently stoop, crouch, and crawl, but should never climb ladders, ropes or scaffolds. She should avoid working around moving machinery. She can more than frequently perform detailed, complex work, but may perform a full range of simple, routine and repetitive work with occasional contact with co-workers, supervisors and the general public. She may perform work at stress level six on a scale of one to ten. Tr. 20.

At step four, the ALJ found Brandt was capable of performing her past relevant work as a cashier checker, receptionist, and electronics assembler. Tr. 23.

Brandt argues that the ALJ erred by: (1) finding her not fully credible; and (2) failing to properly consider the medical evidence.

## DISCUSSION

### I. Credibility

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F.3d at 724. *See also Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir. 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246

F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton*, 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

The ALJ found Plaintiff's claims undermined by the lack of supporting medical evidence. Tr. 22. In assessing credibility the ALJ may consider "testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [the claimant] complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). The ALJ noted that none of the medical providers who opined on Plaintiff's functional limitations fully supported her asserted level of impairment. Tr. 22. Treating physician Katherine Forman, M.D., reported Plaintiff could perform light exertional work with a sit/stand at will option. Tr. 653. State agency physician Neal Berner, M.D., found the records supported a limitation to a reduced range

4 - OPINION AND ORDER

of light work with postural, manipulative, and environmental limitations. Tr. 537-43. State agency physician Martin Kehrli, M.D., agreed with Dr. Berner. Tr. 553.

The ALJ properly noted evidence that Plaintiff exaggerated her pain response in several settings. Tr. 22. Exaggeration and inconsistent statements are specific and convincing reasons to discount credibility. *Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (9th Cir. 2001). Dr. Forman and examining physician Miroslav Bobek, M.D., noted exaggerated pain responses. Tr. 22, 655, 649, 650.

The ALJ stated that Plaintiff's complaints were inconsistent with her daily living activities, noting Plaintiff testified she regularly dressed herself, with the exception of shoes and coat, and used a fork, knife, and spoon, which contradicts Plaintiff's testimony that she had such extreme pain in her hands and arms that she had trouble holding a pen, phone, or keyboard. Tr. 51-52. Daily activities need not equal work activity to show the claimant engages in activity inconsistent with alleged disability. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ identified clear and convincing reasons to find Plaintiff less than fully credible as to her limitations.

## II. The Medical Evidence

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate

5 - OPINION AND ORDER

reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff argues the ALJ inadequately evaluated the medical evidence, but she does not point to any specific limitation omitted from the residual functional capacity assessment. *Valentine v. Comm'r,* 574 F.3d 685 (9th Cir. 2009). Accordingly, on this record, the ALJ's assessment of the medical evidence is supported by substantial evidence.

## III. Step Four

The ALJ found that Plaintiff's RFC allowed her to perform her past relevant work at step four in the sequential proceedings. Tr. 23. At step four, claimants have the burden of showing that they can no longer perform their past relevant work.

At step four in the sequential proceedings, the ALJ determines if the claimant can perform his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant can perform such work she is not disabled and the sequential evaluation concludes. *Id.* In construing his step four findings, the ALJ may draw upon a vocational expert's testimony to show that claimant can perform work in the national economy. 20 C.F.R. §§ 404.1560(b)(2); 416.960(b)(2). The ALJ's questions to the vocational expert must include all properly supported limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The ALJ may then compare the demands of a claimant's past relevant work with the claimant's RFC in determining whether the claimant may presently perform such work. SSR 82-62, "Titles II and XVI: A Disability Claimant's Capacity to do Past Relevant Work" (*available at* 1982 WL 31386, at *3).

Here, the ALJ asked the vocational expert to evaluate the stress demands relating to Plaintiff's past work as a cashier, electronics assembler, and receptionist. Tr. 300-03. The ALJ provided an interrogatory to vocational expert Ronald Hatakeyama, Ph.D. In it, the ALJ asked Dr. Hatakeyama the relative stress level of Plaintiff's past relevant work, but the ALJ used a slightly different comparison scale. Tr. 302. Dr. Hatakeyama rated all of Plaintiff's past relevant work as stress level 7 or higher. Tr. 302.

The ALJ also presented a hypothetical to Dr. Hatakeyama that included Plaintiff's stress level limitation using the exact comparison scale found in the residual functional capacity assessment. Tr. 303. Dr. Hatakeyama reported Plaintiff could perform her past relevant work as a cashier, receptionist, and electronics assembler as generally performed, but only the receptionist and electronics assembler as actually performed. Tr. 303-04. The ALJ gave Plaintiff the opportunity to respond to this interrogatory, but she did not respond. Tr. 15, 296-97. The ALJ credited Dr. Hatakeyama's statement that Plaintiff's stress level limitation would not prevent her from performing the duties of her past relevant work as generally and actually performed.

In summary, the ALJ's RFC analysis finding that Plaintiff could perform light work is affirmed for the reasons above. The ALJ's subsequent finding that Plaintiff could perform the indicated positions is supported by substantial evidence. Consequently, the ALJ's finding that Plaintiff was not disabled at step four in the sequential proceedings is affirmed.

## IV. Lay Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. § 404.1513(d); 404.1545(a)(3); 416.945(a)(3); 416.913(d); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to

7 - OPINION AND ORDER

testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment and must give reasons germane to the witness for rejecting her testimony. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). However, inconsistency with the medical evidence may constitute a germane reason. *Lewis*, 236 F.3d at 512. The ALJ may also reject lay testimony predicated upon the testimony of a claimant properly found not credible, especially when the lay testimony repeats the limitations expressed in the claimant's testimony. *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

The ALJ noted the lay testimony conflicted with the medical evidence and were based on Plaintiff's assertions found not fully credible. The ALJ's determination to discount the lay testimony was therefore reasonable and supported by substantial evidence.

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled is based upon the correct legal standards and supported by substantial evidence. The Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this 8th day of September, 2014.

JAMES A. REDDEN
United States District Judge